# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL STEVEN VANDERWEGE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 16-CV-0746-CVE-FHM ) |
| JOE M. ALLBAUGH, Director, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus case. Petitioner is a state inmate and appears pro se. In response to the petition (Dkt. # 1), Respondent filed a motion to dismiss petition as time barred (Dkt. # 8) and a supporting brief (Dkt. # 9). Petitioner filed a response to the motion to dismiss (Dkt. # 10), along with a motion to strike the motion to dismiss (Dkt. # 11). For the reasons discussed below, Petitioner's motion to strike shall be denied, Respondent's motion to dismiss shall be granted, and the petition shall be dismissed with prejudice.

### *BACKGROUND*

The record reflects that, at the conclusion of a jury trial held in Creek County District Court, Case No. CF-1996-192B, Petitioner Michael Steven Vanderwege was convicted of Robbery With a Dangerous Weapon (Count 1), Feloniously Pointing Firearm (Count 2), and Feloniously Carrying a Firearm (Count 3). See Dkt. # 9-2 at 7. The jury recommended sentences of 100 years imprisonment on each count. Id. On April 16, 1997, the trial judge formally sentenced Petitioner in accordance with the jury's recommendation. Id. at 8. The sentences for Counts 2 and 3 were ordered to be served concurrently, but consecutive to the sentence for Count 1. Attorney Frank Pacenza represented Petitioner during trial proceedings.

Represented by attorney Nancy Walker-Johnson, Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed May 28, 1998, in Case No. F-1997-619, the OCCA affirmed the Judgment and Sentence of the trial court. See Dkt. # 9-1 at 3. Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On May 20, 2014, Petitioner filed the first of three (3) applications for post-conviction relief in the state district court. See Dkt. # 9-2 at 11. The district court judge denied the requested relief on June 24, 2014. See id. Petitioner filed a post-conviction appeal. On October 30, 2014, in Case No. PC-2014-669, the OCCA declined jurisdiction and dismissed the post-conviction appeal. See Dkt. # 9-3 at 2.

On January 16, 2015, Petitioner filed a second application for post-conviction relief. See Dkt. # 9-2 at 13. The record reflects that, after the state district judge denied relief on April 20, 2015, Petitioner filed a notice of post-conviction appeal. Id. Thereafter, on May 5, 2015, in Case No. MA-2015-359, the OCCA declined jurisdiction and dismissed a petition for writ of mandamus. Id. at 13-14.

On May 27, 2016, Petitioner filed a third application for post-conviction relief. See id. at 14. After the state district judge denied relief, Petitioner appealed. By order filed November 16, 2016, in Case No. PC-2016-622, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 9-4 at 3.

On December 12, 2016, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies one ground for relief: ineffective assistance of appellate counsel. See id. at 3. Petitioner claims his petition is timely because it was filed within one year of

2

the entry of the OCCA's order affirming the denial of his third application for post-conviction relief on November 16, 2016. Id. at 6.

In response to the petition, Respondent filed a motion to dismiss and supporting brief (Dkt. ## 8, 9), arguing that the petition is time barred. Petitioner filed a response in opposition to the motion to dismiss (Dkt. # 10), and a motion to strike the motion to dismiss (Dkt. # 11).

In the motion to strike, Petitioner complains that Respondent failed to address the merits of the claim of ineffective assistance of appellate counsel and that, under the interest of justice standard, the State's motion to dismiss must be stricken from the record. See Dkt. # 11 at 7. The Court disagrees with Petitioner. In the order to show cause why the writ should not issue, see Dkt. # 6, the Court specifically directed that, as an alternative to filing a response, Respondent could file a motion to dismiss if Petitioner failed to file his petition within the one-year limitations period. Id. at 2. Thus, the Court authorized Respondent to file a motion to dismiss rather than a response addressing the merits of Petitioner's claim. For that reason, Petitioner's motion to strike is meritless and shall be denied.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. See § 2244(d)(2).

Under § 2244(d)(1)(A), this petition is time-barred. Petitioner's convictions became final on August 26, 1998, after the OCCA entered its direct appeal ruling on May 28, 1998, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on August 27, 1998, and, absent a tolling event, a federal petition for writ of habeas corpus filed after August 27, 1999, would be untimely. See United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). The Clerk of Court received this petition for filing on December 12, 2016, more than seventeen (17) years beyond the deadline.

To the extent Petitioner believes his convictions were not final until the OCCA affirmed the denial of his third application for post-conviction relief, he is incorrect. Federal law determines when Petitioner's judgment of conviction became final to trigger the commencement of the statute of limitations for seeking habeas corpus relief in federal court pursuant to 28 U.S.C. § 2254. See Clay v. United States, 537 U.S. 522, 531 (2002) ("[F]inality for the purpose of § 2244(d)(1)(A) is

to be determined by reference to a uniform federal rule."). The federal rule is that a defendant's judgment of conviction is final at "the conclusion of direct review or the expiration of time for seeking such review." United States v. Burch, 202 F.3d 1274, 1278 (10th Cir. 2000). Therefore, Petitioner's assertion that his petition is timely because it was filed within one (1) year of the OCCA's order affirming the denial of his third application for post-conviction relief is meritless. As determined above, Petitioner's conviction became final on August 26, 1998, ninety days after the OCCA affirmed his convictions on direct appeal, when the time for seeking review in the United States Supreme Court expired. See Sup. Ct. R. 13(1); Locke, 237 F.3d at 1273. Unless Petitioner is entitled to statutory or equitable tolling, the petition is clearly time barred.

Petitioner is not entitled to statutory tolling. The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner filed the first of three applications for post-conviction relief on May 20, 2014 – more than fourteen (14) years after the August 27, 1999, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, Petitioner's post-conviction proceedings do not serve to toll the limitations period.

Petitioner is not entitled to equitable tolling. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration:

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "show specific facts to support his claim of extraordinary circumstances and due diligence." Id. (internal quotation marks and citation omitted).

In response to the motion to dismiss, Petitioner first argues the merits of his claim of ineffective assistance of counsel. See Dkt. # 10 at 1-6. Petitioner also complains that he has been unable to obtain copies of his state court transcripts and other documents filed in state court. Id. at 7-9. To the extent Petitioner believes he is entitled to equitable tolling based on his inability to obtain transcripts and other records, his claim fails. The Tenth Circuit Court of Appeals has repeatedly held that difficulty in obtaining trial transcripts does not constitute an "extraordinary circumstance" justifying equitable tolling. See, e.g., United States v. Denny, 694 F.3d 1185, 1192 (10th Cir. 2012) (citing Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750–51 (6th Cir.2011), for proposition that "the unavailability of or delay in receiving [trial] transcripts [was] not enough to entitle a habeas petitioner to equitable tolling" under AEDPA because transcripts were not essential for filing habeas petition); Porter v. Allbaugh, 672 F. App'x 851 (10th Cir. 2016) (unpublished)[1]; Bhutto v. Wilson, 669 F. App'x 501, 503 (10th Cir. 2016) (unpublished) ("The failure to receive trial transcripts and certain other court documents to canvas [sic] the record for possible error does not constitute 'extraordinary circumstances' that would entitle [petitioner] to

---

[1]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

equitable tolling."). Thus, the Court finds that Petitioner is not entitled to equitable tolling because he has been unable to obtain transcripts. Petitioner makes no other argument suggesting he is entitled to equitable tolling.

In the absence of equitable or statutory tolling, the petition for writ of habeas corpus is clearly time barred. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition based on the statute of limitations is debatable. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to strike the motion to dismiss (Dkt. # 11) is **denied**.

2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8) is **granted**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered in this case.

**DATED** this 2nd day of June, 2017.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE